# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LITTLEJOHN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF STATE HOSPITALS,<br><br>　　　　　Respondent. | Case No. 2:22-cv-09223-JWH (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. (ECF No. 28.) Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that Petitioner's habeas petition be dismissed as moot because Petitioner has been released from the term of commitment that he had challenged in the Petition. (ECF No. 28.) Petitioner's Objections to the Report (ECF No. 29) do not warrant a change to the Magistrate Judge's findings or recommendation, for the reasons set forth below.

In his Objections, Petitioner does not dispute the mootness of his claims challenging his term of commitment. Instead, he repeats his claims of ineffective assistance of counsel and double jeopardy relating to his term of commitment. (ECF No. 20 at 3-4.) For these reasons stated in the Report, the Court lacks jurisdiction to consider these claims. (ECF No. 28 at 6.)

Petitioner also raises in his Objections new claims of judicial bias and denial of the right to self-representation. (ECF No. 28 at 2-3.) The Court declines to consider these claims because they were not presented to the Magistrate Judge. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act." *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*). Petitioner has not presented "exceptional circumstances or a convincing explanation for the failure to present" all his claims to the Magistrate Judge. *Greenhow*, 863 F.2d at 639; *see also Brook as Trustee of David North II Trust v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020) (holding that a district court properly declined to consider new claims where the litigant gave "no explanation as to why [he] could not bring all arguments before the Magistrate").

Petitioner further objects that he should receive damages for his unlawful commitment. (ECF No. 28 at 5.) That remedy is unavailable to a habeas claimant. *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023).

For those reasons, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge is **ACCEPTED** and **ADOPTED**.

2. Judgment shall be entered **DENYING** the Petition and **DISMISSING** this action **without prejudice**.

**IT IS SO ORDERED.**

DATED:  August 7, 2023

_____
JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE